June 12, 2020

Clerk
United States District Court
John Joesph Moakley Cthse.
Suite 2300
1 Courthouse Way
Boston, Ma. 02210

Re: QUILLIE SPRAY, II. v. KENNEWAY, Warden, No. 20-_____

Dear Clerk:

I propose to file upon receipt of a "Pro se" habeas corpus package, which I now request of you, a 28 USC §2254 habeas corpus to challenage the constitutionality of my Massachusetts imposed sentence. Additionally, due to my illeracy, I am being assisted by a jailhouse lawyer, who suggests that I ask for 18 USC §3006A materials so I might request of the court assignment of counsel.

I close, thanking you for your prompt attention.

Very Truly Yours,

Quillie Merle Spray, II., W81239
MCI-Shirley, P.O. Box 1218
1 Harvard Rd.
Shirley, Ma. 01464-1218

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

QUILLIE MERLE SPRAY, II.,
    Petitioner,

vs.

STEVEN KENNEWAY, Warden,
    Respondent.

U.S.D.C. No.20-_____

PETITIONER's DECLARATION IN SUPPORT OF GRANTING HABEAS CORPUS - 28 USC §2254 - 18 USC §3006A ASSIGNMENT OF COUNSEL.

    Petitioner, hereby declares that the foregoing is true by way of his personal knowledge, and moves this Honorable Court to grant that hereto requested relief:

    1- Presently, Petitioner is unconstitutionally imprisoned in violation of his federal constitutional protections, and is under the care and custody of respondent Steven Kenneway, MCI-Shirley, Ma., medium security prison;

    2- Petitioner works in the prison laundry, and can afford to pay the $5-dollar habeas corpus fee;

    3- However, Petitioner does not have the financial wherewithal to retain habeas corpus counsel, for the sole purpose of arguing, among other things, that trial/appellate counsel were ineffective, as to his primary meritable defense of lack of mens rea, or criminal responsibility, due to mental impairment. See, **AKE v. OKLAHOMA**, 470 U.S. 68, 83 (1985)(requires that an indigent criminal

1.

defendant be provided with the assistance of a psychiatric expert to mount an affirmative defense);

4- Petitioner's dire indigency has prevented him from receiving the protections of his federal constitutional rights to due process, fundamental fairness, as well as, equal protection of the law. See, 28 USC §1915(a); **U.S. v. KASTO**, 584 F.2d 268 (8th Cir. 1978)("trial court should not withhold authorization of funds for an investigator when the underlying facts reasonably suggest that further exploration may prove beneficial to the accused ... .");

5- Further, Petitioner's violation of 6th Amendment effective assistance of trial/appellate counsel rests on the denial of **AKE** requirement to mount an affirmative defense that Petitioner's mens rea &/or criminal responsibility at the time of the alleged crime, not trial, was such at to undermine the government's punishment, whereby, Petitioner's mental health over the previous <u>twenty-years</u>, was a de facto mitigating fact denied the fact finder. **AKE**, supra;

6- Finally, pursuant to 18 USC §3006A, of the Criminal Justice Act (CJA), Petitioner rightly avers that his illiteracy bars him from adequately, effectively, and meaningfully challenging his State sentence. Petitioner's education in Oklahoma was poor, and only gave him basic reading and math, to survive. His employ by his father, did not require any special skills, and his job of tile laying was repetitive, not a new and separate challenge. To produce an affirmative and persuasive habeas corpus argument, Petitioner can not do so without assistance of a lawyer knowledgeable in habeas corpus proceedings, particularly, with an emphasis on **AKE** styled defenses.

2.

## Conclusion

Wherefor, Petitioner has been deprived the protections of the Federal Constitution, and that bar was particularly due to the actions of the government, this Honorable Court must grant the following relief, as the ends of justice have not yet been done. So moved.

**Relief Requested:**

    A-   Grant in forma pauperis status, and,

    B-   Appoint counsel per 18 USC §3006A of the CJA;

Signed, this 12th day of June 2020, by way of personal knowledge, under pain and penalty of perjury, pursuant to 28 USC §1746.

                                              Respectfully submitted,
                                              by, the Petitioner,

                                              Quillie Merle Spray, II., pro se
                                              MCI-Shirley - P.O. Box 1218
                                              1 Harvard Rd.
                                              Shirley, Ma. 01464-1218