UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| QUILLE MERLE SPRAY, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 20-11247-IT |
| | * | |
| STEVEN KENNEWAY, *Warden-MCI Shirley*, | * | |
| | * | |
| Respondent. | * | |

ORDER

October 23, 2020

TALWANI, D.J.

On June 29, 2020, *pro se* litigant Quillie Merle Spray, who is incarcerated at MCI Shirley, submitted a Letter [#1 at 1] and Petitioner's Declaration in Support of Granting Habeas Corpus – 28 USC § 2254 – 18 USC § 3006A Assignment of Counsel [#1 at 2-4] ("Declaration"), in which he states his intention to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Spray requests that counsel be appointed for him pursuant to 18 U.S.C. § 3006A for that purpose. For the reasons set forth below, the Court DENIES the request.

Under the Criminal Justice Act, the Court may appoint counsel to represent a financially eligible person who is seeking relief under 28 U.S.C. § 2254 if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Here, the interests of justice do not require the appointment of counsel.

In his supporting Declaration, Spray indicates that he seeks counsel "for the sole purpose of arguing, among other things, that trial/appellate counsel were ineffective, as to his primary meritable defense of lack of mens rea, or criminal responsibility, due to mental impairment." Decl. at 2 [#1]. Spray has, however, already litigated a claim for ineffective assistance of trial counsel under this very theory in a 28 U.S.C. § 2254 habeas action. This Court denied the

petition, the United States Court of Appeals for the First Circuit affirmed, and, on May 13, 2019, the United States Supreme Court denied Spray's petition for a writ of certiorari. See Spray v. Ryan, C.A. No. 14-13877-PBS (D. Mass.); Spray v. Ryan, No. 17-1814 (1st Cir.); Spray v. Ryan, No. 18-8715 (U.S.).[1] Because "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed," 28 U.S.C. § 2244(b)(1), the interests of justice do not require the Court to appoint counsel to relitigate Spray's claim that trial counsel was ineffective.

In addition, the interests of justice do not require the appointment of counsel to pursue a claim of ineffective assistance of appellate counsel. An attorney's representation is ineffective when counsel's performance falls below an objective standard of reasonableness and the deficient performance prejudiced the defendant. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Here, Spray has not set forth a basis for a claim that any unreasonable conduct by appellate counsel was ineffective. Spray's first appellate counsel apparently did not raise the argument that trial counsel was ineffective for failing to investigate Spray's history of mental illness or raise a mental health defense. See Commonwealth v. Spray, 467 Mass. 456, 463-64 (2014). To the extent that first appellate counsel's conduct was deficient, it did not prejudice Spray because his second appellate counsel did raise the claim in a second motion for a new trial. See id. at 464. In a ruling on the merits, the trial court denied this motion, see id. at 464-67, and the Supreme Judicial Court ("SJC"), calling the question "a close one," held that "trial court counsel's assistance was not ineffective, id. at 474.

Further, the interests of justice do not require the appointment of counsel because Spray must first exhaust his state court remedies. Before seeking relief under § 2254, a state prisoner

---

[1] The dockets of Spray's § 2254 case in this Court, the First Circuit, and the Supreme Court indicate that Spray was represented by Kenneth Seiger, Esq., throughout the proceedings.

must exhaust available state remedies. See 28 U.S.C. § 2254(b)(1). A claim in a § 2254 petition is not exhausted unless the petitioner has presented "his claim in each appropriate state court," "including a state supreme court with powers of discretionary review." Baldwin v. Reese, 541 U.S. 27, 29 (2004). In Massachusetts, exhaustion requires presentation of the claim in question to the SJC. See Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010). "Even if the SJC declines to grant review . . . the petitioner must have fairly presented the federal claim within the four corners of his ALOFAR [application for leave to obtain further appellate review]." Id. Here, there is no suggestion that Spray has brought his claim of ineffective assistance of appellate before the SJC, and the Court cannot appoint counsel under 18 U.S.C. § 3006A to represent a litigant in a state court proceeding.

Finally, the Court notes that, should Spray elect to bring another 28 U.S.C. 2254 petition challenging his conviction, he must obtain permission from First Circuit prior to filing the action in this Court. See 28 U.S.C. 2244(b)(3). To the extent that a District Court is authorized under 18 U.S.C. § 3006A(a)(2) to appoint counsel for that purpose, the Court declines to do so for the reasons stated above.

Accordingly, Spray's request for the appointment of counsel is DENIED. The Clerk shall close this action.

IT IS SO ORDERED.

October 23, 2020                                        /s/ Indira Talwani
                                                        United States District Judge